IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VINCENT McMILLIAN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL NO. 07-cv-616-DRH |
| RAUCH, *et al.*, | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

**HERNDON, Chief Judge:**

Plaintiff, an inmate at the East Moline Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

**THE COMPLAINT**

Plaintiff alleges that on one occasion while eating his lunch a spider appeared in his food. Plaintiff showed the spider to Defendant Rauch who allegedly looked at Plaintiff, laughed and said "You probably ate more than one." Plaintiff further alleges that Rauch refused to get Plaintiff a new food tray. Liberally construing the complaint, it appears that Plaintiff is attempting to assert an Eighth Amendment claim.

## DISCUSSION

To establish a violation of the Eighth Amendment, a prisoner must prove two elements: (1) the deprivation alleged is sufficiently serious such that it resulted in the "denial of the minimal civilized measure of life's necessities" and (2) prison officials knew of a substantial risk to the prisoner but failed to take reasonable steps to prevent the harm from occurring. *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999) (*quoting Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

In the instant case, Plaintiff alleges that his food was "contaminated" with a spider on one occasion. It is recognized that in a large food operation, it is to be expected that the food will sometimes contain "foreign objects." *Hadley v. Dobucki*, 1995 WL 354225 (7th Cir. April 26, 1995) (holding that occasional "foreign objects" such as aluminum foil in prison food did not state an Eighth Amendment claim). Therefore, the appearance of a spider in Plaintiff's lunch is not objectively serious enough to state an Eighth Amendment claim.

While it is true that the spider caused Plaintiff to skip some (possibly all) of his lunch and his lunch tray was not replaced, being denied one meal also is not objectively serious enough to state an Eighth Amendment claim. *See Talib v. Gilley*, 138 F.3d 211, 214 n. 3 (5th Cir. 1998) (noting that denial of one out of every nine meals is not a constitutional violation). Therefore, Plaintiff's complaint should be dismissed.

**DISPOSITION**

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). All pending motions are **DENIED** as moot.

**DATED:** April 15, 2009.

/s/   DavidRHerndon
**DISTRICT JUDGE**